# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

ALBERT M. RUSSAW, :
:
    Petitioner, :
: CASE NO: 4:07-CV-74 (CDL)
v. : Proceedings Under 28 U.S.C. § 2254
:
JOSEPH BADEN, Superintendent, :
:
    Respondent. :

## REPORT AND RECOMMENDATION

On March 17, 2004, Petitioner Russaw, who is currently serving a sentence at Macon Transitional Center in Macon, Georgia, was found guilty in the Taylor County Superior Court of sale of marijuana and cocaine. (R-1, R-15-2). Petitioner was sentenced to a "split" twelve (12) year sentence, five (5) years to serve in prison with the balance probated. *Id*. Petitioner did not file a direct appeal of his guilty plea. *Id*. Thereafter, Petitioner filed a direct appeal of his conviction with the Georgia Court of Appeals. (R-1). On April 5, 2006, Petitioner's convictions and sentence were affirmed on appeal. *See, Russaw v. State*, Case No. A06A0813 (Ga. App. Apr. 5, 2006) (unpublished). On February 23, 2007, the Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. On July 16, 2007, the Respondent filed his Answer-Response.

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

    (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that

        (A) the claim relies on –

        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue

2

> only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

### Petitioner's Claims

Petitioner's application for a federal writ of habeas corpus cites three grounds for relief. Specifically, Petitioner contends that: 1) he received ineffective assistance of trial counsel; 2) the trial court committed error by failing to the jury as to impeachment; 3) the

3

evidence was insufficient to support the verdict. (R-4-3).

I.  **Ineffective Assistance of Counsel**

In **Ground One**, Petitioner contends that he received ineffective assistance of counsel because trial counsel failed to adequately communicate with Petitioner. Petitioner raised **Ground One** in the state appellate court, which was decided adversely to Petitioner.

In analyzing Petitioner's ineffective assistance of counsel claims as argued in his state appellate petition, the Court of Appeals of Georgia relied on *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The *Strickland* standard held that with regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Id*. at 687. In *Woodford,* the United States Supreme Court held:

> Under § 2254(d)'s 'unreasonable application' clause a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. See *Bell v. Cone,* 535 U.S. 685, 698-699, 122 S.Ct. 1843 (2002); *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495 (2000). Rather it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An '*unreasonable* application of federal law is different from an *incorrect* application of federal law.' *Williams, supra,* at 410, 120 S.Ct. 1495; see *Bell, supra,* at 694, 122 S.Ct. 1843.

*Woodford v. Visciotti,* 537 U.S. 19, 24-5, 123 S.Ct. 357, 360, 361 (2002).

As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in

4

ruling on federal habeas petitions. The *Williams* standard denies this court the authority to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002). The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of counsel. The state appellate court found that counsel did consider an impeachment charge at the charge conference but did not request one because it conflicted with the defense theory on the case. (R-16, Resp. Ex. 1, p. 3-5) ( *Russaw v. State*, Case No. A06A0813 (Ga. App. Apr. 5, 2006) (unpublished)). The appellate court found that counsel's decision was strategic, as presumed under *Strickland*. *Id*. The state appellate court found further that Petitioner failed to establish that counsel's conduct fell below an objective standard of reasonableness. Thus, the court found that Petitioner's claims failed the standard as set out in *Strickland*. A review of that decision fails to show that Petitioner has established that the state appellate court unreasonably applied the *Strickland* test. Furthermore, the Petitioner's contentions fail to show that the state appellate court's findings were contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor.* Thus, it is recommended that Petitioner is not entitled to

5

relief on **Ground One**.

## II. Error to Charge Jury on Impeachment

In **Ground Two**, Petitioner contends that the trial court erred by not charging the jury on impeachment. (R- 4-3). The flaw in Petitioner's claim is that whether the trial court committed the alleged errors is not a matter of federal law. A review of the pleadings reflects no constitutional claim involved in this issue.

In *Estelle v. McGuire,* the United States Supreme Court held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). The Court further stated that "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 67; *see also* 28 U.S.C. § 2241; *Rose v. Hodges,* 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Simply put, "federal habeas corpus relief does not lie for errors of state law." *Id.* Such is the case here. It is recommended, therefore, that Petitioner is not entitled to relief as to Ground Two of his petition.

## III. Sufficiency of the Evidence

In **Ground Three**, the Petitioner contends that the evidence presented at his trial was constitutionally insufficient to support his convictions. (R-4-3).

This claim was raised by Petitioner in his direct appeal to the Georgia Court of Appeals where it was decided against him. *See, Russaw v. State*, Case No. A06A0813 (Ga.

App. Apr. 5, 2006) (unpublished). The state court, in finding that Petitioner's convictions were not obtained contrary to, or in violation of, clearly established law, relied on *Jackson v. Virginia*, 443 U.S. 307 (1979), to determine whether the trial court had erred. The Appellate Court, viewing the evidence in a light most favorable to the verdict, found that sufficient evidence supported the conviction and clearly articulated such evidence.

There is nothing in the record to suggest that the decision by the Georgia appellate court resulted in a decision contrary to established federal law or was based on an unreasonable determination of the facts. Furthermore, this Court is without authority to disturb the findings of a state court decision which is based on "independent and adequate state procedural grounds." *See, Coleman v. Thompson*, 501 U.S. 722 (1991).

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, be **DENIED**. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 12th day of February, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc